## Case No. 13,532.

### In re STRAUSS.

[2 N. B. R. 48 (Quarto, 18).] [1]

District Court, S. D. Ohio. Sept. 12, 1867.

BANKRUPTCY—BEFORE WHOM DEBT PROVEN—NO-TARY—COURTS IN BANKRUPTCY.

1. A creditor residing in the judicial district where proceedings in bankruptcy are pending, must prove his claim before the register of that district. Residing in another judicial district, his deposition must be taken before a register of that district. Residing in a foreign state, his deposition must be taken before a minister, consul, or vice-consul of the United States.

2. A court of bankruptcy is sui generis in its nature, and its practice is controlled by the laws that created it. A deposition by a creditor is not a deposition as ordinarily understood. It is in the nature of an examination. Notaries have not the judicial power requisite to take legal proof of a claim. They are state officers and responsible alone to them, and a creditor residing in another judicial district cannot make proof of his claim before them.

[Cited in Re Merrick, Case No. 9,463.]

In bankruptcy.

By FLAMEN BALL, Register:

I, Flamen Ball, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Mr. Alexander Long, who appeared for the bankrupt, and Mr. J. G. Douglass, who appeared for H. B. Claflin &.Co., claiming to be one of the creditors of said bankrupt: "Is it lawful for the said parties, who claim to be creditors of said bankrupt,

they residing in the city of New York, to make legal proof of their claim by a deposition taken before a notary public of said city of New York?"

Upon consideration I hold that such proof was not authorized by law; that said claim was not duly proved, and I, therefore, reject the same for the reasons given in my opinion filed herewith.

And the said parties requested that the same should be certified to the judge for his opinion thereon.

### Opinion of the Register:

A claim purporting to be in favor of H. B. Claflin & Co., of the city of New York, for the sum of two thousand eight hundred and two dollars and forty-two cents, against the estate of said bankrupt, verified before a notary public of said city of New York, has been presented by the duly accredited attorney of the claimants, for allowance against said estate.

By the twenty-second section of the bankrupt law [of 1867 (14 Stat. 517)], provision is made for the proof of claims by creditors against the estate of bankrupts in three classes of cases: First. Where the creditor resides in the judicial district in which the proceeding in bankruptcy is pending, his claim must be proved by his deposition, taken before a register of that district. Second. When he resides in another judicial district, his deposition must be taken either before a register or a commissioner of the circuit court of the United States of the district in which such creditor resides, and Third. When he resides in a foreign country it must be taken before a minister or a consul, or a vice-consul of the United States.

No other officers are, by that section, authorized to take such depositions, and, I think, if congress intended to intrust that power to others than officers of the United States the law would have so conferred it in express terms. Such a power cannot be obtained by implication; the power is conferred, in express terms, solely upon the officers named in the law.

The constitutionality of the bankrupt law has not yet been brought in question. The constitution confers upon the congress the power to establish "uniform laws on the subject of bankruptcies throughout the United States." Article 1, § 8. It is also provided in that instrument that the judicial power of the United States shall extend to all controversies which may arise between "citizens of different states," and in such cases the courts of the United States are the supreme arbiters. Article 3, § 2.

The congress has exercised the power conferred on it, by establishing "a uniform system of bankruptcy throughout the United States," and to that system, so established, all state courts and state officers must yield obedience. A proceeding in a court of bankruptcy is not either an action at law, a suit

in equity, a criminal proceeding or a proceeding in admiralty, over all of which the courts of the United States have exercised jurisdiction. It differs from all these in its modes of proof, trial and relief, although, in its progress, it may sometimes invoke the aid of all other courts, except those in bankruptcy. A court of bankruptcy, like a court of admiralty, is sui generis in its nature, and its practice is controlled by the laws which created it, aided by such lights as may be thrown upon it by the reported decisions in England, whence the system has been borrowed. In enacting this law, the congress saw proper to confer upon officers, responsible solely to the government of the United States, all the important powers necessary for its full and complete execution. They did not confer such powers upon any of the officers of the respective states, or of foreign governments. In this they carried out the spirit of the constitution. Mr. Hamilton has well observed that, "If there are such things as political axioms, the propriety of the judicial power of a government being co-extensive with its legislative, may be ranged among its number. The mere necessity of uniformity in the interpretation of the national laws decides the question."—Federalist, 364.

A "deposition" by a creditor proving his claim against the estate of a bankrupt is neither an affidavit nor a deposition, as known in the ordinary practice of law. It is the result of an examination of the creditor made by the officer of the law authorized to make it. The creditor is not only required to testify to the amount of his claim, but he must testify to its consideration, and whether he has received any payment, or holds any security or satisfaction whatever, for the same. He must also testify in his deposition, "that his claim was not procured for the purpose of influencing the proceedings under the act of congress entitled, 'An act to establish a uniform system of bankruptcy throughout the United States,' approved March 2d, 1867; that no bargain or agreement, express or implied, has been made or entered into by, or on behalf of this deponent, to sell, transfer, or dispose of said claim, or any part thereof, against said bankrupt, or to take or receive, directly or indirectly, any money, property, or consideration whatever, whereby the vote of this deponent for assignee, or any action on the part of this deponent, or any other person in the proceedings under said act, has been, is, or shall be in any way affected, influenced, or controlled."

In no other court of justice is such testimony required for the due proof of any debt, and it is evident that congress intended that the court and its officers should, by a careful examination of the creditor, (which examination is frequently in the absence of the debtor,) purge his conscience, and ascertain the real nature of his claim, and that no fraud or combination, either for or against the bankrupt, existed. "A deposition in bankruptcy is in the nature of an examination. It is drafted in the third person, and is sworn before the register, in court or in chambers, the creditor attending for that purpose." 2 Doria and Macrae, 760; Rice, Manual, 168. This power, so delegated alone to officers created by, and responsible to, the government of the United States, and involving important consequences to creditors as well as bankrupts, is now sought to be exercised by a notary public of the city of New York, an officer by the laws of the state of New York, and responsible to the government of that state.

It is claimed by counsel, on behalf of the notary, that by virtue of the acts of congress of September 16th, 1850 [9 Stat. 458], and July 29, 1854 [10 Stat. 315]; Brightly, Dig. p. 705, §§ 1, 4, all notaries public in the United States are, ex officio, commissioners of the courts of the United States in respect of taking depositions to be used in those courts, and that, therefore, notaries must be regarded as possessing all the powers conferred upon commissioners by the twenty-second section of the bankrupt act. Upon reference to those acts it will be seen that the law of September 16th, 1850, merely extended to notaries certain powers in the taking of depositions, which the laws of the United States had previously conferred upon justices of the peace of states and territories. I do not perceive how, under this law, notaries can act, when justices of the peace cannot act. But I apprehend that the chief ground relied upon in behalf of the notary arises under the second section of the act of 1854, which is as follows: "That notaries public be, and they are hereby authorized, to take depositions and to do such other acts in relation to evidence to be used in the courts of the United States in the same manner and with the same effect as commissioners to take acknowledgments of bail and affidavits may now lawfully do."

In the view which I take of this question I deem it unnecessary to refer to or construe the word "now" as used in the section quoted. If that expression read "now or hereafter," my opinion would be the same. I understand the words "depositions" and "evidence" to mean such testimony as might be adduced, as such, in adversary cases pending in the courts of the United States, where such testimony is taken, either upon notice by commission or upon interrogatories and cross-interrogatories. But I do not understand those words to intend to confer upon notaries the judicial power under the bankrupt act to take legal proof of a claim against the estate of a bankrupt. If a notary can thus assume jurisdiction, any justice of the peace, in any part of the United States outside of the judicial district in which the case in bankruptcy is pending, may, by signing his name "Justice of the Peace and ex Officio Commissioner," &c. In a practice of thirty years in Ohio, I have never seen such an assumption

made by any justice of the peace. Notaries public and justices of the peace are state officers, and responsible to the governments of the states which created them. As officers, they are not obliged to execute the national laws; they may refuse to do so, and the party applying to them has no remedy. If there is no legal obligation on them to execute a law of the United States, where would be their liability in case they misperformed their duty? The judge, the register, the commissioner, marshal, messenger, assignee, and all other officers of the courts of the United States are amenable to those courts, under the forty-fifth section of the bankrupt law, to all the penalties therein provided against them for any malfeasance in office. But no penalties are prescribed against notaries and justices of the peace. In a case of malfeasance in office under this law, an indictment would be sustained against a register or a commissioner, but not against an ex officio register or commissioner.

Again: A creditor of this bankrupt residing in this district is compelled to prove his claim by his deposition taken before a register of the district. But it is now claimed that another creditor of the same bankrupt, residing in New York, need not submit to the examination which the register is required to give him, but make proof of his claim before a notary public, which cannot be done by the creditor residing in this district. In other words, the assertion on behalf of the notary is, that although a notary residing in this district has no power to receive proof of a claim of a creditor of a bankrupt whose petition is pending in this district, he has power to receive proof of claims by all creditors of all other bankrupts whose cases are pending in any other of the judicial districts of the United States. This presents an anomaly which, in my judgment, was not intended to exist by the framers of the law.

I have given this matter as much thought and reflection as I could consistently do with reference to other duties, but I am clearly of the opinion that, in the language of the last clause of the twenty-second section of the law, the claim of Messrs. H. B. Claflin & Co., "is not duly proved," and I, therefore, rejected it, with leave to represent it on its being proved before a register or a commissioner in New York.

LEAVITT, District Judge. I hereby approve of the decision of the register on the point within stated.